Filed 6/1/22  P. v. Benites CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARTIN CORONA BENITES,<br><br>    Defendant and Appellant. | A163791<br><br>(Contra Costa County Superior Court No. 5-161072-4) |

Pursuant to a plea agreement, defendant Martin Corona Benites pleaded no contest to one count of attempted murder (Pen. Code, §§ 664, 187) with an enhancement for personal and intentional discharge of a firearm (Pen. Code, § 12022.53, subd. (c)).[1]  On October 30, 2017, the trial court sentenced defendant to a term of 29 years, consisting of the upper term of nine years for the attempted murder charge and 20 years for the enhancement.

After filing motions to reconsider his sentence, a habeas petition, and a prior appeal with this court—all of which were unsuccessful—defendant on April 9, 2021, filed a document styled

---

[1] All further statutory references are to the Penal Code.

1

as a "motion to vacate conviction or sentence (Pen. Code, §§ 1016.5, 1473.7)." Defendant's motion consisted of a Judicial Council form and numerous pages of handwritten material and exhibits. The trial court noted that defendant's motion was "difficult to parse, listing numerous citations to statutes and case law, but containing little to no facts or analysis." The court nonetheless proceeded to address each of the arguments it could discern, denying defendant's motion in a written order.

Counsel for defendant filed an opening brief asking that this court conduct an independent review of the record for arguable issues—i.e., those that are not frivolous, pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel also informed defendant that he had the right to file a supplemental brief on his own behalf, and defendant filed a handwritten supplemental brief replete with citations to a variety of statutes and legal concepts, the relevance of which we are unable to ascertain.

Having conducted an independent review of the motion, the trial court's order, and defendant's supplemental brief, we will affirm. *People v. Freeman* (2021) 61 Cal.App.5th 126, 133–134 [*Wende* review required only on first appeal as of right, unless defendant files a pro se supplemental brief]). The trial court correctly found that defendant was not entitled to relief under section 1016.5 because he signed a plea form that appropriately advised him of the possible consequences of a conviction for non-citizens. (*People v. Olvera* (2018) 24 Cal.App.5th 1112, 1116 [section 1016.5 satisfied where defendant signed plea waiver form notifying him that conviction would have immigration

2

consequences].) The court also correctly determined that defendant was not entitled to relief under section 1016.8, as defendant's plea agreement did not require him to waive the benefit of future changes in law that might impact his sentence. (§ 1016.8, subd. (b) ["A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."].) In addition, the court appropriately denied defendant's claim for relief under section 1473.7 because that statute applies only to individuals who are "no longer in criminal custody," (§ 1473.7, subd. (a)(1)) and defendant is still incarcerated. Finally, the trial court properly rejected defendant's argument that he received ineffective assistance of counsel, as defendant's motion established neither prong of the test for ineffective assistance under *Strickland v. Washington* (1984) 466 U.S. 668, 687.

In sum, we are satisfied that the trial court did not err and that there are no arguable issues that require further briefing.

## DISPOSITION

The order denying defendant's motion is affirmed.

BROWN, J.

WE CONCUR:

POLLAK, P. J.

3

NADLER, J.*

*People v. Benites*  (A163791)

* Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.